# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD DANDAR, ) | |
|     Plaintiff, ) | Civil Action No. 12-141JOHNSTOWN |
| ) | |
| v. ) | District Judge Gibson |
| ) | |
| KEN CAMERON, ) | Magistrate Judge Baxter |
|     Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff's motion for leave to proceed *in forma pauperis* status [ECF No. 11] be DENIED. This case should not be permitted to proceed any further until Plaintiff pays the full filing fee of $350.00.

### II. REPORT

**A. Procedural History**

This civil rights action was filed in this Court on July 18, 2012. Plaintiff brought this civil rights action under 42 U.S.C. § 1983, as well as the Americans with Disabilities Act, alleging that his constitutional and statutory rights were violated by Defendant Ken Cameron. Although the complaint is difficult to decipher, it appears that Plaintiff is complaining about his past medical treatment and the removal of his Z-code status. No filing fee or motion for leave to proceed in forma pauperis was filed with the complaint.

After many Orders by this Court directing him to do so, on November 5, 2012, Plaintiff filed his motion for leave to proceed in forma pauperis in this matter. ECF No. 11.

### B. The "Three Strikes" Provision of the Prison Litigation Reform Act

Section 804(g) of Pub.L. No. 104-134, enacted April 26, 1996, amended 28 U.S.C. § 1915 to provide:

> [i]n no event shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).[1]

Plaintiff has been a prolific filer in this federal court.[2] At least three of Plaintiff's prior lawsuits have been dismissed as legally frivolous or for failure to state a claim:

> Dandar v. Publishers Clearing, et al, C.A. No. 95-128 P – dismissed by District Judge Donald Lee by Order dated December 28, 1995;

> Dandar v. Publishers Clearing, et al, Appeal No. 96-3024 – dismissed by the Third Circuit[3] and affirming decision of district court;

> Dandar v. Estate of Edward F. Dandar, C.A. No. 95-303E – dismissed for lack of jurisdiction by District Judge Sean McLaughlin by Order dated August 28, 1996;

---

[1] Importantly, the statute does not bar disqualified inmates from filing additional lawsuits. Instead, the statute denies them "the opportunity to proceed *in forma pauperis* and requires them to pay the required filing fee" in full prior to filing the action. Brooks-Bey v. Schmerfelt, 2011 WL 1398472, at *1 (M.D. Pa. March 21, 2011).

[2] Besides the cases listed herein, Plaintiff has filed numerous other lawsuits in this federal district court.

[3] Dismissals at the appellate level constitute § 1915(g) strikes. Campbell v. Clarke, 481 F.3d 967, 969 (7th Cir. 2007) (the dismissal of an appeal from a dismissed complaint constitutes two independent strikes).

2

> Dandar v. United States District Court, et al, C.A. No. 00-186E – dismissed as frivolous pursuant to 28 U.S.C. § 1915(e) by Order of Judge McLaughlin dated November 2, 2000;
>
> Dandar v. United States District Court, et al, Appeal No. 00-3792 – dismissed by Third Circuit due to Plaintiff's failure to prosecute;
>
> Dandar v. Carter Orthopedic, et al, C.A. No. 00-324E – claims against Defendants Weyer and Brennan dismissed as frivolous pursuant to 28 U.S.C. § 1915(e);
>
> Dandar v. Judge Cunningham, et al, C.A. No. 04-116E – dismissed as frivolous pursuant to 28 U.S.C. § 1915(e) by Order of Judge McLaughlin dated June 1, 2004;
>
> Dandar v. Pennsylvania Board of Probation & Parole, et al, C.A. No. 00-327 – dismissed as frivolous pursuant to 28 U.S.C. § 1915(e) by Order of Judge McLaughlin dated April 10, 2001;
>
> Dandar v. Pennsylvania Board of Probation & Parole, et al, Appeal No. 02-2114 – dismissed as frivolous pursuant to 28 U.S.C. § 1915(e) by Order dated April 22, 2003.

Accordingly, based upon these filings, Plaintiff Ronald Dandar is subject to the "three strikes" rule.

The statute provides that an indigent inmate may overcome the bar of the "Three Strikes Rule" if he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Third Circuit has explained that "imminent dangers are those dangers which are about to occur at any moment or are impending." Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."). Furthermore, the threat of imminent danger must be prospective and cannot relate to a past incident of harm. Id. at 312. "When deciding whether an inmate meets the 'imminent danger' requirement, a court must examine the situation faced by the inmate at the time of the filing of the complaint; a showing of danger in the past is insufficient to demonstrate 'imminent danger.'"

3

Ford v. New Jersey, 2012 WL 3114776, at *1 (D.N.J. July 31, 2012) quoting Abdul-Akbar, 239 F.3d at 312. See also Fontroy v. Owens, 2012 WL 4473216, at *1 (E.D. Pa. Sept. 28, 2012).

In determining whether the exception to the "Three Strikes" bar applies, a district court operates under the following standard of review:

> [A] court may discredit 'factual claims of imminent danger that are clearly baseless, i.e., allegations that are fantastic or delusional and rise to the level of the irrational or wholly incredible.' Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir. 1998) citing Denton v. Hernandez, 504 U.S. 25, 33 (1992). The Supreme Court has directed that, in assessing a case under 28 U.S.C. § 1915, we are not required to accept without question the truth of the plaintiff's allegations. See Denton, 504 U.S. at 32.

Brown v. City of Philadelphia, 331 Fed.Appx 898, 899 (3d Cir. 2009). However, an indigent inmate's "allegations of imminent danger must be construed liberally in his favor." Williams v. Forte, 135 Fed.Appx 520, 521 (3d Cir. 2005) citing Gibbs v. Cross. See also Gibbs v. Roman, 116 F.3d 83, 86 & n6 (3d Cir. 1997), overruled on other grounds by Abdul-Akbar, 239 F.3d at 312 (*pro se* allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants).

In his Complaint, Plaintiff baldly asserts that he is filing this civil rights action as a prisoner "under imminent danger of physical injury and future physical actual injury and irreparable harm." ECF No. 1, page 3. Such an assertion is insufficient to overcome his status as "3-Striker" who is not statutorily entitled to proceed in forma pauperis. Plaintiff's motion for in forma pauperis should be denied and Plaintiff should be required to pay the full filing fee before this case is allowed to proceed any further.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for leave to proceed *in forma pauperis* status [ECF No. 11] be DENIED.  This case should not be permitted to proceed any further until Plaintiff pays the full filing fee of $350.00.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto.  See Fed.R.Civ.P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  January 24, 2013